**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edward Douglas Pisciotta, Jr., | ) | No. CIV 05-3205-PCT-NVW (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Steve Waugh, et al., | ) | |
| Defendants. | ) | |

On October 13, 2005, Plaintiff Edward Douglas Pisciotta, represented by attorney Sara J. Powell, filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the two hundred fifty dollar ($250.00) filing fee.

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

TERMPSREF

1 **Complaint**

2     Named as Defendants to the Complaint are: 1) Steve Waugh; 2) Yavapai County 3 Sheriff G.C. "Buck" Buchanan; 3) Scott Mascher, Captain, Yavapai County Sheriff's Office; 4 4) Ted Symonds, Lieutenant, Yavapai County Sheriff's Office; 5) Lorna Street, Yavapai 5 County Board of Supervisors; 6) Gheral Brownlow, Yavapai County Board of Supervisors; 6 7) Chip Davis, Yavapai County Board of Supervisors; and 7) Yavapai County Board of 7 Supervisors.

8     Plaintiff alleges that his constitutional rights were violated when defendants failed to 9 address overcrowding problems which threatened inmates' safety, failed to protect Plaintiff 10 from a sexual assault by three other inmates, and failed to provide the basic necessities of 11 life, including adequate food and shelter. Plaintiff seeks money damages.

12     These allegations adequately state a claim and the Court will required Defendants to 13 answer the Complaint.

14     **IT IS THEREFORE ORDERED** as follows:

15     (1) Plaintiff shall obtain a waiver of service of the summons or complete service of 16 the Summons and Complaint on Defendants within one hundred twenty (120) days of the 17 filing of the Complaint or within sixty (60) days of the filing of this Order, whichever is later. 18 If Plaintiff fails to complete service within this time, the action may be dismissed as to the 19 Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and 20 Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

21     (2) Defendants shall answer the Complaint or otherwise respond by appropriate 22 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal 23 Rules of Civil Procedure; and

24 . . .

25 . . .

26 . . .

27 . . .

28 . . .

1   (3)  This matter is referred to Magistrate Judge David K. Duncan pursuant to Local
2   Rules of Civil Procedure 72.1 and 72.2 for further proceedings.
3   DATED this 25th day of October, 2005.

Neil V. Wake
United States District Judge

TERMPSREF

- 3 -